# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JENNIFER CLARKE,

*Plaintiff-Appellant,*

v.

PAUL O'NEIL, Secretary of the Treasury,

*Defendant-Appellee.*

No. 03-1114

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CA-01-12-1)

Submitted: September 29, 2003

Decided: November 24, 2003

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Susan D. Oglebay, Castlewood, Virginia, for Appellant. Terrell L. Harris, United States Attorney, William W. Siler, Assistant United States Attorney, Memphis, Tennessee, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jennifer Clarke, a special agent with the Bureau of Alcohol, Tobacco & Firearms ("ATF"), appeals a district court judgment granting summary judgment to Paul O'Neil, Secretary of the Treasury, and dismissing her employment discrimination complaint filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (2000). Clarke contends the court erred by not considering several events noted in support of her hostile environment claim. Clarke further contends the court erred by finding she did not establish a causal connection necessary to support a retaliation claim.

We review an award of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A mere scintilla of proof, however, will not suffice to prevent summary judgment; the question is "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party" resisting summary judgment. *Anderson*, 477 U.S. at 251 (1986) (internal quotation marks omitted). A failure to produce evidence sufficient to permit a jury to find for the nonmovant plaintiff as to one of the elements of his cause of action renders all other issues of fact immaterial. *Celotex*, 477 U.S. at 323.

Clarke first argues that the district court erred by failing to consider the alleged wrongful acts set forth in various affidavits. None of these acts, however, were asserted in Clarke's original EEOC complaint. That complaint was limited to the three September 1998 acts of alleged disparate treatment examined by the district court. The civil lawsuit following an EEOC complaint is limited to the scope of the administrative investigation "'that can reasonably be expected to follow the charge of discrimination.'" *Bryant v. Bell Atlantic Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (quoting *Chisolm v. United States*

*Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)). Thus, Clarke has not exhausted her administrative remedies with regard to the acts alleged in the affidavits.\* Considering only the September 1998 events, we agree with the district court and find Clarke failed to establish a prima facie claim of a hostile work environment.

We also agree with the district court that Clark failed to establish a prima facie claim for retaliation. A period of nineteen months between the protected activity and the adverse employment action "negates any inference that a causal connection exists between the two." *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 657 (4th Cir. 1998) (holding a three year time lapse negated the inference of causation). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

\*We offer no opinion as to whether or not an EEOC complaint based on the events in those affidavits would be timely under *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).